# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANASSEH A. PHILIP,<br><br>    Petitioner,<br><br>    v.<br><br>RANDY L. TEWS, Warden,<br><br>    Respondent. | Case No. CV 16-02613 CJC (AFM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## INTRODUCTION

On April 15, 2016, petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241). Petitioner is in federal custody at the Federal Correctional Institution in Adelanto, California, pending his deportation from the United States. Petitioner seeks to challenge a 1988 conviction he sustained in a Texas state court for aggravated sexual assault, pursuant to his plea of no contest. He alleges that his attorney in the 1988 Texas case rendered ineffective assistance during the plea bargain stage of the case, primarily by failing to advise petitioner of the adverse immigration consequences of the conviction.

As discussed below, the Petition is dismissed without prejudice for lack of subject matter jurisdiction.

**DISCUSSION**

A federal inmate subject to deportation proceedings because of a state criminal conviction may not collaterally attack the validity of that conviction as a basis for his challenge to his deportation under 28 U.S.C. § 2241. *See Contreras v. Schlitgen*, 122 F.3d 30, 32 (9th Cir. 1997) ("*Contreras I*"); *see also Urbina-Mauricio v. INS*, 989 F.2d 1085, 1089 (9th Cir. 1993) (a state criminal conviction cannot be collaterally attacked in a deportation proceeding). This is because federal immigration officials may properly rely on the validity of the state court conviction until it is overturned in collateral proceedings against the state. *See Contreras v. Schlitgen*, 151 F.3d 906, 907 (9th Cir. 1998) ("*Contreras II*"). It is not the role of the federal immigration officials themselves to inquire into the constitutional validity of a federal inmate's state criminal conviction. *See Contreras I*, 122 F.3d at 32. Accordingly, until a federal inmate has successfully overturned his state conviction in a collateral proceeding against the state, federal immigration officials are "entitled to rely on the conviction as a basis for federal custody and eventual deportation." *See id.* at 33.

Here, petitioner does not contest the fact that he was convicted of a state criminal offense that subjected him to deportation from the United States. Nor does he contest the facial validity of his conviction. Accordingly, his federal detention is lawful until petitioner successfully overturns his state criminal conviction in a collateral proceeding against the state. *See Contreras II*, 151 F.3d at 908 (habeas petition brought by federal detainee under § 2241 was properly dismissed where petitioner did not contest the fact of conviction or its facial validity).

It would also be futile to grant petitioner leave to amend his Petition as a collateral action against the state under 28 U.S.C. § 2254. Petitioner would be foreclosed from bringing an action under § 2254 because his state sentence has fully expired; he therefore is no longer in the custody of the state of Texas pursuant to his 1988 conviction. (ECF No. 1 at 6.) *See Maleng v. Cook*, 490 U.S. 488, 492

(1989) (per curiam) (holding that a habeas petitioner cannot satisfy the "in custody" requirement of § 2254 when his sentence has fully expired). The fact that petitioner is now in federal custody does not satisfy the "in custody" requirement to challenge his state conviction because he is now in the custody of a different sovereign. *See Contreras I*, 122 F.3d at 33 (noting that federal custody does not satisfy the "in custody" requirement to challenge a state criminal conviction).

Although two narrow exceptions permit habeas review of convictions with fully expired sentences, neither of them is available here. The first exception — for a violation of the right to counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963) — is not available because petitioner did have trial counsel during his 1988 state criminal proceeding. The second exception — for failure to receive a full and fair opportunity to obtain state-court review of the prior conviction — also is not available: To the extent that he was permitted to do so, petitioner apparently has had and has used multiple opportunities to challenge the constitutional validity of his conviction in the state courts. (ECF No. 1 at 6-35.) *See Dubrin v. People of California*, 720 F.3d 1095, 1098-99 (9th Cir. 2013) (recognizing this exception).

Finally, the record reflects that petitioner's claim that he was not advised of the immigration consequences of his plea would have failed on the merits. The transcript of the 1988 plea hearing reflects that the trial court clearly advised petitioner that his plea could result in his deportation and other adverse immigration consequences. (ECF No. 1-1 at 4.) Petitioner affirmed that he understood just before he pled no contest. (*Id.*)

///
///
///
///
///
///

3

**ORDER**

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice for lack of subject matter jurisdiction, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 22, 2016

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented By:

_____
Alexander F. MacKinnon
United States Magistrate Judge

4